IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>　vs.<br><br>HUNTER A. TOWLE,<br>　　　　　Defendant. | CASE NO: **4:21CR3019**<br><br>**DETENTION ORDER** |

On the government's motion, the court afforded the defendant an opportunity for a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained.

There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant committed child pornography felonies. The defendant has not rebutted this presumption.

Based on the information of record, the court finds by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

Specifically, the court finds there is substantial evidence supporting the crime charged, and Defendant's past conduct shows he is either unwilling or unable to comply with an order to cease collecting and sharing child pornography—he collected a substantial cache of images and videos within the four months after his prior collection was seized by law enforcement, he was told to stop collecting child pornography, and he stated he would get professional help. Moreover, Defendant is unemployed and lacks a stable residence.

The court finds that neither the conditions of the Adam Walsh Act, nor conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will sufficiently ameliorate the risks posed if the defendant is released.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated February 23, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge